**Imad Muhieddine NAHAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74438.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Steven D. Ellis, U.S. Department of Justice, Environmental Enforcement Section, Jennifer Paisner, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Imad Muhieddine Nahas, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). Reviewing for substantial evidence, *Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir. 2006), we deny in part and dismiss in part the petition for review.

The BIA determined there was no evidence of an objective basis for Nahas' stated fear that, if removed to Lebanon, he would be persecuted because he was a pilot who had lived in the United States for the previous twelve years. We are not compelled to conclude otherwise. Nahas therefore failed to demonstrate a well-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

founded fear of future persecution. *See Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000) (stating that petitioner must provide "credible, direct, and specific evidence" to satisfy the objective component of a well-founded fear of persecution claim).

Because Nahas failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Nahas also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured if he returned to Lebanon. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003); 8 C.F.R. § 1208.16(c)(2).

Nahas' contention that the BIA is required to provide a more detailed explanation for its dismissal is unpersuasive. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995) (BIA's adoption of IJ's decision is sufficient where BIA gave individualized consideration to the case but chose to use IJ's words).

We lack jurisdiction to review Nahas' contention that his due process rights were violated when the agency used a reconstructed IJ decision because he failed to raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that due process challenges that are "procedural in nature" must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.